## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**U.S. BANK NATIONAL ASSOCIATION,**
**AS TRUSTEE, SUCCESSOR IN INTEREST**
**TO BANK OF AMERICA, NATIONAL ASSOCIATION,**
**AS TRUSTEE, SUCCESSOR BY MERGER TO**
**LASALLE BANK NATIONAL ASSOCIATION,**
**AS TRUSTEE, FOR THE REGISTERED HOLDERS**
**OF BEAR STEARNS COMMERCIAL MORTGAGE**
**SECURITIES INC., COMMERCIAL MORTGAGE**
**PASS-THROUGH CERTIFICATES, SERIES 2006-PWR14,**
**ACTING BY AND THROUGH ITS SPECIAL SERVICER,**
**C-III ASSET MANAGEMENT, LLC**                                    **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:15CV404-LG-RHW**

**LAKEVIEW RETAIL PROPERTY OWNER LLC**              **DEFENDANT**

### ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

BEFORE THE COURT is the [14] Emergency Motion for Temporary Restraining Order and, If Necessary, Preliminary Injunction (hereafter, "TRO Motion") filed by Defendant pursuant to Federal Rule of Civil Procedure 65. The Court has considered the Motion, and is of the opinion that it should be denied. Defendant has not carried its burden with respect to the four prerequisites for granting the relief requested.

### BACKGROUND

Plaintiff alleges that it is the owner and beneficiary of the loan documents, including note, evidencing a loan to Defendant in the original amount of $11,500,000. The loan is secured by certain property, including commercial real property. Plaintiff claims that Defendant has defaulted on the loan by, *inter alia*,

failing to make payments due thereunder.  Plaintiff has sued Defendant for breach of contract and also requested injunctive and other relief.

On January 27, 2016, Defendant moved to dismiss the Complaint on the basis that "documents reviewable by this Court show that the assignments that form the basis of Plaintiff's belief that it has standing to bring this action are defective."  (*See* Def.'s Mem. In Support of Mot. To Dismiss 2, ECF No. 10).  After filing its Motion to Dismiss, on February 10, 2016, Defendant filed the pending TRO motion.  Defendant states that "[o]n January 21, 2016, [Plaintiff] commenced foreclosure proceedings on the underlying commercial real property that is at the heart of this case . . . , together with a UCC foreclosure of personal property."  (TRO Mot. 2, ECF No. 14).

The foreclosure sale is set for February 17, 2016.  Defendant requests that the Court enter a preliminary injunction or temporary restraining order "enjoining Plaintiff from proceeding with foreclosure" until the Court has ruled on the Motion to Dismiss.  (*See id.*).

## DISCUSSION

"To be entitled to a preliminary injunction or temporary restraining order, a movant must establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury, which would occur if the injunction is denied, outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest."  *Google, Inc. v. Hood*, 96 F. Supp. 3d 584, 596 (S.D. Miss. 2015).  "While the granting or denial of a motion for a preliminary injunction or temporary

restraining order rests in the sound discretion of the trial court, the movant bears the burden of satisfying the four prerequisites for this extraordinary relief." *Cranford v. Stringer*, No. 306cv450HTW-LRA, 2007 WL 541657, at *1 (S.D. Miss. Feb. 16, 2007) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).  Granting such relief is the exception not the rule.  *See House the Homeless, Inc. v. Widnall*, 94 F.3d 176, 180 (5th Cir. 1996).

Here, the Court is of the opinion that Defendant has not carried its burden on any of the four prerequisites for the relief it requests, much less all of them. Accordingly, the Court will deny the TRO Motion.  *See Black Fire Fighters Ass'n of Dallas v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) ("The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria.") (emphasis in original).  Defendant's request that the Court waive the Local Rule requirement of a supporting memorandum is moot, given the Court's ruling herein.[1]

**Substantial Likelihood of Success on the Merits**

Defendant states "that it has shown in its pleadings the basis for prevailing on the merits of its Motion to Dismiss, which would also warrant denial of the other rights Plaintiff seeks to assert herein."  (TRO Mot. 3, ECF No. 14).  It requests that the Court stop the foreclosure until the Court rules on the Motion to Dismiss.

---

[1] However, the Court notes that it rarely waives that requirement, and a party who omits a supporting memorandum does so at its peril, especially when the party bears the burden of persuasion on an issue.

The Court is doubtful of its authority to enter a TRO or injunction based on a pending Motion to Dismiss, without an underlying cause of action supporting the equitable relief requested. Even so, if the Court ultimately dismisses Plaintiff's action, such dismissal would not have the effect of prohibiting Plaintiff from going forward with its non-judicial foreclosure at that time. Thus, there is no showing of substantial likelihood of success on the merits. But regardless of whether Defendant could show a substantial likelihood of the merits on the Motion to Dismiss, the Court finds that Defendant has not succeeded in carrying its burden on any of the other prerequisites, as discussed below. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) ("[I]f the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue and, if issued, will be vacated on appeal.").

**Substantial Threat of Irreparable Injury**

"The courts acknowledge that '[a]n injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury.'" *Google v. Hood*, 96 F. Supp. 3d at 596 (quoting *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). The Court is of the opinion that Defendant has not made this clear showing of irreparable injury if the foreclosure is allowed to proceed while the Motion to Dismiss based on standing grounds is pending. As an initial matter, Defendant cites no authority in support of its position. Its allegations of irreparable harm are the exact type of "[u]nsupported conclusory statements" that courts have found "insufficient to demonstrate entitlement to the extraordinary relief of a TRO

4

and preliminary injunction." *See, e.g.*, *Preston v. Seterus, Inc.*, No. 3:12-cv-2395-L, 2012 WL 3848122, at *3 (N.D. Tex. Sept. 5, 2012).

Regardless, and most compelling to the Court that there is no substantial threat of irreparable injury, Defendant has not challenged the foreclosure on the merits, *i.e.*, has not argued that it is not in default under the subject loan or that the loan documents do not provide for foreclosure upon default.  Rather, Defendant is simply seeking to delay an inevitable foreclosure.  *See, e.g.*, *Mbaku v. Bank of Am., Nat'l Ass'n*, No. 12-cv-00190-PAB, 2012 WL 263095, at *2 (denying request for temporary restraining order to stop a foreclosure, because, *inter alia*, while movants contended that the defendant "d[id] not have the right to foreclose, [they] fail[ed] to show that they are entitled to remain in possession, e.g., by demonstrating that they are not in default on the loan"); *Nicholson v. OneWest Bank*, No. 1:10-cv-0795-JEC/AJB, 2010 WL 2732325, at *5 (N.D. Ga. Apr. 20, 2010), report and recommendation adopted, 2010 WL 2732329, at *1 (N.D. Ga. June 7, 2010) (loss of property through foreclosure, even if by incorrect entity, did not constitute irreparable harm where movant had not been making mortgage payments to anyone).  Defendant "do[es] not contend that, if an entity with undeniable legal standing to foreclose had initiated the foreclosure proceedings, [it] would be permitted to stay in" possession of the real property.[2]  *See Mbaku*, 2012 WL 263095,

---

[2] And, even accepting as true Defendant's argument that Plaintiff is not the proper party to commence foreclosure, the primary injury, if any, is to the proper party to whom the foreclosure monies should have been paid, not to Defendant.

5

at *2.

To be clear, by denying Defendant's Motion the Court is not implying "that there are no potential remedies for individuals [or entities] who suffer foreclosure at the hands of the incorrect entity." *See id.* But "without some specific basis to believe that [Defendant] is entitled to remain in possession of" the property, the Court concludes that the extraordinary relief requested is simply unwarranted. *See id.*; *see also Maxey v. Smith*, 823 F. Supp. 1321, 1327 (N.D. Miss. 1993) ("A preliminary injunction is a powerful remedy used sparingly in cases with a set of extraordinary circumstances.").

**Balancing the Injuries and the Public Interest**

The Court finds that these factors weigh in favor of Plaintiff, not Defendant. First, the marketability of the commercial property is likely declining, and, as discussed, there is no argument that Defendant is not in default. *See, e.g.*, *Shaterian v. Wells Fargo Bank, Nat'l Ass'n*, No. C-11-920 SC, 2011 WL 2314151, at *6-7 (N.D. Cal. June 10, 2011). Second, Defendant's argument that "injunctive relief will not disserve the public interest" because "it should be of paramount interest to the Court and the public that a party first be determined to hold the rights it asserts prior to taking swift and certain actions[,]" (TRO Mot. 4, ECF No. 14), is again the type of conclusory assertion that does not merit the relief sought. *See, e.g.*, *Preston*, 2012 WL 3848122, at *3 (rejecting home owner's argument in mortgage foreclosure proceeding with respect to the public interest). Moreover, the Court is of the opinion that it would disserve the public interest to encourage delay tactics by companies

6

that default on loans and that have no arguments as to the merits of the underlying default, at least insofar as a request for emergency relief is concerned.

## CONCLUSION

A preliminary injunction or temporary restraining order "'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters*, 905 F.2d at 65 (citation omitted).  Defendant has not carried that burden on any of the four prerequisites for entry of a preliminary injunction or temporary restraining order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [14] Emergency Motion for Temporary Restraining Order and, If Necessary, Preliminary Injunction filed by Defendant is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff must inform the Court within seven (7) days of the date of this Order whether its pending [3] Motion for Appointment of Receiver and Injunctive Relief is now moot in light of this Order.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

7