IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR BY MERGER TO
LASALLE BANK NATIONAL ASSOCIATION,
AS TRUSTEE, FOR THE REGISTERED HOLDERS
OF BEAR STEARNS COMMERCIAL MORTGAGE
SECURITIES INC., COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-PWR14,
ACTING BY AND THROUGH ITS SPECIAL SERVICER,
C-III ASSET MANAGEMENT, LLC                                         PLAINTIFF

v.                                                    CAUSE NO. 1:15CV404-LG-RHW

LAKEVIEW RETAIL PROPERTY OWNER LLC              DEFENDANT

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is the [9] Motion to Dismiss filed by the Defendant,

Lakeview Retail Property Owner LLC, pursuant to Federal Rule of Civil Procedure

12(b)(1) and (6).  The Court has considered the parties' submissions and the relevant

law, and is of the opinion that the Motion should be denied.  Plaintiff has

constitutional standing to bring this action and has stated a plausible claim against

Defendant.

### BACKGROUND

Plaintiff alleges that it is the owner and beneficiary of the loan documents,

including note and mortgage, evidencing a loan to Defendant in the original amount

of $11,500,000.  The loan is secured by certain property, including commercial real

property.  Plaintiff claims that Defendant has defaulted on the loan by, *inter alia*,

failing to make payments due thereunder.  Plaintiff has sued Defendant for breach

of contract and has requested injunctive and other relief, including the appointment

of a receiver.

Defendant Lakeview has moved to dismiss the Complaint, contending that

"documents reviewable by this Court show that the assignments that form the basis

of Plaintiff's belief that it has standing to bring this action are defective."  (*See* Def.'s

Mem. In Support of Mot. To Dismiss 2, ECF No. 10).  Defendant challenges

Plaintiff's constitutional standing to bring this action, and also claims (1) that the

loan was not properly assigned to the REMIC Trust that purports to be the owner

and holder of the loan;[1] and (2) that even if properly assigned to the Trust, the loan

was not subsequently validly assigned to Plaintiff.

THE LEGAL STANDARD

Defendant's claim that Plaintiff lacks constitutional standing to bring this

action is analyzed under Rule 12(b)(1), which governs subject-matter jurisdiction.

*See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir

2011).  All other claims related to standing are analyzed under Rule 12(b)(6) for

failure to state a claim.  *See id.*  The Court has an "independent obligation to assure"

itself of its jurisdiction, and is required to "examine the constitutional dimension of

---

[1] "A real estate mortgage investment conduit, or 'REMIC,' trust consists of a pool of mortgages the beneficial ownership of which has been sold to various investors in the form of certificates representing their undivided ownership interest in the total pool."  *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-cv-5204-FB, 2012 WL 2529196, at *1 (E.D.N.Y. June 29, 2012) (citation, quotation marks, and ellipses omitted).

standing" first. *Id.* "The three requirements of [constitutional] standing are

familiar: the plaintiff[] must allege an injury in fact that is fairly traceable to the

defendant's conduct and likely to be redressed by a favorable ruling." *Id.* Here, even

a cursory review of the Complaint convinces the Court that Plaintiff has satisfied the

requirements for constitutional standing. Accordingly, the Court will analyze

Defendant's Motion pursuant to the Rule 12(b)(6) standard. *See id.*

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts

"as true the well-pleaded factual allegations in the complaint and construe[s] the

complaint in the light most favorable to the plaintiff." *Hermann Holdings Ltd. v.*

*Lucent Techs. Inc.*, 302 F.3d 552, 557 (5th Cir. 2002). Exhibits attached to a

complaint are part of the complaint and are considered as such for purposes of a

Rule 12 motion. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 375 (5th Cir. 2004); *see also* Fed. R. Civ. P. 10(c).

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks

omitted). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* "While legal conclusions can provide the framework

of a complaint, they must be supported by factual allegations." *Id.* at 679. "When

there are well-pleaded factual allegations, a court should assume their veracity and

then determine whether they plausibly give rise to an entitlement to relief." *Id.*

DISCUSSION

**Choice of Law**

Because this is a diversity action, the Court applies the choice of law rules of Mississippi. *See Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004). The loan at issue contains a New York choice of law provision, which the parties agree is enforceable under Mississippi law.

Nonetheless, Plaintiff cites to language in the Deed of Trust "that with respect to the creation, perfection, priority, and enforcement of the lien of this security instrument . . . , the law of the state where the property is located shall apply." (Pl. Supp. Reply In Opp. To Mot. To Dismiss 2, ECF No. 25). Plaintiff then states that "it appears that a strong argument can be made that in this situation the Loan Documents mandate that Mississippi substantive law control the outcome of the Motion to Dismiss." (*Id.* at 3). However, although Defendant challenged Plaintiff's standing to foreclose on the loan in its Motion for Temporary Restraining Order, and thus challenged "enforcement of the lien," the issue in the Motion to Dismiss is whether Plaintiff has standing to enforce the loan itself, *i.e.*, sue for breach of contract.[2] That issue is governed by New York law.

**Defendant's Argument Regarding The Proper Name Of The REMIC Trust**

Defendant states that the loan documents were not properly assigned to the

---

[2] The Court denied Defendant's TRO Motion on February 16, 2016.

4

REMIC Trust that purports to be the owner and holder of the loan because "the

documents attached to the Complaint upon which Plaintiff relies to evidence the

transfer and conveyance of the [loan documents] to the REMIC Trust did not

correctly designate the name of the Trust" as defined in the applicable Pooling and

Service Agreement (PSA).[3]  (*See* Def.'s Mem. In Support of Mot. To Dismiss 5, ECF

No. 10).  Plaintiff contends that Defendant does not have standing to challenge the

assignment as a violation of the PSA.  Defendant's argument regarding the name of

the trust is less than clear.  To the extent that argument could be construed as

asserting a violation of the PSA, the Court agrees with Plaintiff that Defendant does

not have standing to make such an argument, as any purported transfer of the loan

documents in violation of the PSA would render the transaction voidable, not void.

*See, e.g., Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88 (2d Cir. 2014).

Nevertheless, the Court is of the opinion that Defendant is also arguing that

the assignment violated New York law, not the PSA.  In particular, Defendant

appears to argue that the assignment is void as violating New York Estates, Powers

and Trusts Law § 7-2.1(c).  To the extent Defendant is arguing that the assignment

was void, it does have standing to bring this argument.  *See, e.g., Sigaran v. U.S.*

*Bank Nat'l Ass'n*, 560 F. App'x 410, 413-14 (5th Cir. 2014) (stating that to challenge

---

[3] The PSA is a public document that the Court may consider in its analysis of the Motion to Dismiss.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").  Regardless, neither party argues that the Court should not consider the PSA.

a loan assignment under New York law, "the assignment must be void, not merely

voidable"); *see also Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 224-25

(5th Cir. 2013).

Defendant represents that "[t]he correct name of the REMIC Trust as defined

in the PSA is 'Bears Stearns Commercial Mortgage Securities Trust 2006-PWR14'."

(Def's. Mem. In Support of Mot. To Dismiss 5, ECF No. 10).  It argues that the first

transfer of the loan documents was incorrectly to "LaSalle Bank N.A. as Trustee for

the Registered Holders of Bear Stearns Commercial Mortgage Securities, Inc.,

Commercial Mortgage Pass-Through Certificate, Series 2006PWR14."  (*See id.* at 5-

6).  It bases this argument on New York Estates, Powers and Trusts Law § 7-2.1(c),

which section it claims *requires* trusts to "acquire property in the name of the trust

as such name is designated in the instrument creating said trust."

However, Defendant's "reliance on this provision is mistaken." *In re*

*Richmond*, 534 B.R. 479, 492 (Bankr. E.D.N.Y. 2015).  The statute cited "provides

that a trust 'may' (not shall) acquire property in the name of the trust, and that if it

does so, only authorized parties may convey, encumber, or dispose of such property."

*See id.* at 492-93.  But "[t]he statute does not limit the type of property a trust may

hold under New York law." *See id.* at 493.  Rather, "[t]he provision simply allows a

trust to acquire property in its name and in no way restricts the means by which a

trust may acquire property." *See id.*  The statute does not render the assignment

void, and Defendant has cited no authority to persuade the Court otherwise.

6

As part of its argument with respect to the trust name, Defendant also tries to contend that the Trustee does not have standing to bring this action on behalf of the registered holders. That is not the law. *See, e.g.*, *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 180 F. Supp. 2d 465, 469-71 (S.D.N.Y. 2001); *see also* Fed. R. Civ. P. 17. The cases Defendant cites in which a registered holder, not a trustee as here, attempted to bring an action on behalf of him/herself are inapposite.

**Defendant's Argument Regarding Subsequent Assignments**

Defendant further argues that, even if the loan documents were properly assigned in the first place, subsequent assignments are invalid. Specifically, it argues that the allonge transferring the loan from LaSalle Bank to Plaintiff was not affixed to the note at issue. It also argues that there are discrepancies in the borrower's name in two of the allonges.

## A.     Allonge Affixation

An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Black's Law Dictionary (10th ed. 2014). Under applicable New York law, "[a]n indorsement must be written by or on behalf of the holder and on the instrument *or* on a paper so firmly affixed thereto as to become a part thereof." N.Y. U.C.C. Law § 3-202 (emphasis added). Plaintiff alleges in its Complaint that the allonge was attached to the note. That the copy of the allonge attached to the Complaint is not affixed to the copy of the note attached to the Complaint does not

change the Court's analysis, as the Court is required to accept the allegations of the

Complaint as true for Motion to Dismiss purposes. *See, e.g.*, *Berg v. eHome Credit*

*Corp.*, No. 08-C-05530, 2011 WL 761486, at *3 (N.D. Ill. Feb. 25, 2011). Moreover,

Plaintiff represents that it "is in possession of original Note and all Allonges affixed

thereto . . . ." (Pl. Opp. 9, ECF No. 16).

Furthermore, even if the allonge was somehow ineffective, Plaintiff's

Complaint includes allegations that the loan documents were also transferred via

certain assignments.[4] Defendant has not challenged the validity of these

assignments, except with respect to the issue regarding the name of the trust, which

argument the Court has already rejected above.

### B.      Discrepancies in the Borrower's Name

Defendant argues that the two allonges submitted with the Complaint

identify different borrowers. While both allonges identify Lakeview Retail Property

Owner LLC, one allonge states that Lakeview is a Mississippi limited liability

company and the other states that it is a Delaware limited liability company.

Defendant cites no authority to support its apparent argument that the allonges are

therefore void. Regardless, if anything, the mistake in whether Lakeview is a

Mississippi or Delaware LLC would render the assignment voidable, not void. And,

again, even if the allonges are found to be wholly ineffective, Defendant has not

challenged any other (potentially duplicative) assignment alleged in the Complaint.

---

[4] Plaintiff acknowledges that these additional transfers are likely duplicative, but that does not affect the validity of the transfers.

CONCLUSION

For the reasons discussed herein, and having reviewed the Complaint and the exhibits thereto, the Court is of the opinion that the Complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [9] Motion to Dismiss filed by Defendant is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that no later than seven (7) days from the date of this Order, the parties are **ORDERED** to confer in good faith and inform the Court in writing of any issue(s) that remain disputed with respect to Plaintiff's [3] Motion for Appointment of Receiver and Injunctive Relief.[5] For any issues that are undisputed, the parties are **ORDERED** to submit an agreed order for entry by the Court.

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[5] Defendant Lakeview responded to the Motion for Appointment of Receiver and Injunctive Relief, but the only arguments it raised in opposition to such Motion were the same ones that the Court rejects herein. (*See* Def's. Resp. In Opp. To Mot., ECF No. 11). It did not oppose the Motion on any other grounds.