## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR BY MERGER TO
LASALLE BANK NATIONAL ASSOCIATION,
AS TRUSTEE, FOR THE REGISTERED HOLDERS
OF BEAR STEARNS COMMERCIAL MORTGAGE
SECURITIES INC., COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-PWR14,
ACTING BY AND THROUGH ITS SPECIAL SERVICER,
C-III ASSET MANAGEMENT, LLC                                        **PLAINTIFF**

**v.**                                                    **CAUSE NO. 1:15CV404-LG-RHW**

**LAKEVIEW RETAIL PROPERTY OWNER LLC**                **DEFENDANT**

### ORDER GRANTING MOTION FOR APPOINTMENT OF RECEIVER AND INJUNCTIVE RELIEF

BEFORE THE COURT is the [3] Motion for Appointment of Receiver and Injunctive Relief filed by Plaintiff.  The Court has considered the parties' submissions, the record in this action, and the relevant law, and is of the opinion that the Motion should be granted.

### BACKGROUND

Plaintiff alleges that it is the owner and beneficiary of the loan documents, including note and mortgage, evidencing a loan to Defendant in the original amount of $11,500,000.  The loan is secured by certain property, including commercial real property (sometimes referred to herein as "the property" or "the collateral").  Plaintiff claims that Defendant has defaulted on the loan by, *inter alia*, failing to make payments due thereunder.  Plaintiff has sued Defendant for breach of contract

and has requested injunctive and other relief, including the appointment of a
receiver as provided for in the loan documents.

Defendant moved to dismiss the Complaint on the basis that "documents
reviewable by this Court show that the assignments that form the basis of
Plaintiff's belief that it has standing to bring this action are defective." (*See* Def.'s
Mem. In Support of Mot. To Dismiss 2, ECF No. 10).  Defendant challenged
Plaintiff's constitutional standing to bring this action, and also claimed (1) that the
loan was not properly assigned to the REMIC Trust that purports to be the owner
and holder of the loan;[1] and (2) that even if properly assigned to the Trust, the loan
was not subsequently validly assigned to Plaintiff.  The Court disagreed with
Defendant and denied the Motion to Dismiss.  (Order, ECF No. 26).  The only
arguments Defendant raised in opposition to the Motion currently before the Court
were the same ones that the Court has already rejected in the Motion to Dismiss.
(*See* Def.'s Resp. In Opp. To Mot., ECF No. 11).

DISCUSSION

**Appointment of a Receiver**

The Court has the power to appoint a receiver under Federal Rule of Civil
Procedure 66, and such appointment "is in the sound discretion of the [C]ourt."  *See*

---

[1] "A real estate mortgage investment conduit, or 'REMIC,' trust consists of a
pool of mortgages the beneficial ownership of which has been sold to various
investors in the form of certificates representing their undivided ownership interest
in the total pool."  *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-cv-5204-FB, 2012 WL
2529196, at *1 (E.D.N.Y. June 29, 2012) (citation, quotation marks, and ellipses
omitted).

*Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997); *see also* Fed. R. Civ. P. 66.  "Similarly, 'the form and quantum of evidence required on a motion requesting the appointment of a receiver is a matter of judicial discretion.'" *Santibanez*, 105 F.3d at 241.

"The appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." *World Fuel Servs. Corp. v. Moorehead*, 229 F. Supp. 2d 584, 596 (N.D. Tex. 2002).  A duly appointed receiver is required to "manage and operate the property in [its] possession as such . . . receiver . . . according to the requirements of the valid laws of the State in which such property is situated . . . in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."  29 U.S.C. § 959(b).

Under Rule 66, "the appointment of a receiver can be sought by anyone showing an interest in certain property or a relation to the party in control or ownership thereof such as to justify conservation of the property by a court officer." *Santibanez*, 105 F.3d at 241 (citation and quotation marks omitted); *see also* Fed. R. Civ. P. 66.  The Fifth Circuit has identified the following non-exclusive factors to be considered as indicating the need for a receivership:

> (1) a valid claim by the party seeking the appointment;
>
> (2) the probability that fraudulent conduct has occurred or will occur to frustrate that claim;
>
> (3) imminent danger that property will be concealed, lost, or diminished in value;
>
> (4) inadequacy of legal remedies;

(5) lack of a less drastic equitable remedy; and

(6) likelihood that appointment of the receiver will do more good than harm.

*Santibanez*, 105 F.3d at 241-42.

However, "[t]he courts are in agreement that the highly discretionary nature of the appointment of a receiver is inconsistent with any formulaic or algorithmic method for determining when the appointment is appropriate." *Jackson v. N'Genuity Enters. Co.*, No. 09-C-6010, 2011 WL 4628683, at *28 (N.D. Ill. Oct. 3, 2011). Thus, "[i]t is not a necessary prerequisite to the appointment of a receiver that any particular condition be shown . . . ." *See id.* "Rather, the district court must take into account 'all the circumstances of the case,' instead of attempting to rely on a 'precise formula' for making the determination. 'No one factor is dispositive.'" *Id.* (citations and brackets omitted).

Defendant has not raised arguments beyond those already ruled on in the Court's [26] Order Denying Motion to Dismiss regarding Plaintiff's ability to seek appointment of a receiver. In its Answer, Defendant states that the loan documents allow "the appropriate . . . entity the right to make application for the appointment of a receiver[,] but do[] not constitute evidence of Defendant's consent to" the same. (Ans. 6 (¶34), ECF No. 29). But neither Rule 66 nor federal law require a written contractual provision or consent before a receiver may be appointed, and the Court is of the opinion that Plaintiff has a sufficient interest in the property at issue to request the appointment. *See* Fed. R. Civ. P. 66; *see also, e.g.*, *Netsphere, Inc. v.*

4

*Baron*, 703 F.3d 296, 306 (5th Cir. 2012) ("'Secured creditors, lienholders, and mortgagees may seek appointment of a receiver because they clearly have an interest in the property in which they have a security interest . . . ."); *Am. Bank. & Trust Co. v. Bond Int'l Ltd.*, No. 06-cv-0317-CVE-FMH, 2006 WL 2385309, at *8 (N.D. Okla. Aug. 17, 2006).

The Court now turns to whether it is appropriate to exercise its discretion to appoint a receiver in this action.  Plaintiff seeks the "appointment of a receiver to oversee, administer, and manage the Facility pending the foreclosure or other disposition of the Collateral . . . ." (Pl. Br. 6, ECF No. 4).  In support, it argues that "a receiver is necessary to take control of the Collateral, to receive and manage the Rents, to prevent any waste or diminution in value of the Collateral, and to protect the interests of the Plaintiff in the Collateral." (*See id.* at 10).  For the reasons discussed below, the Court agrees.

With respect to the validity of Plaintiff's claim, Defendant has admitted that it has not made all required loan payments, but is continuing to receive the rents generated from the property.[2]  Although there is no evidence of fraud currently before the Court, this factor is not dispositive.  In any event, Defendant's "financial position gives no assurance that [it is] now able or might soon become able to fully repay the amounts owed[,] and there is an imminent danger of the collateral or

---

[2] The Court is aware that Defendant has raised defenses in its Answer, filed on May 3, 2016.  The appointment of a receiver does not prohibit Defendant from pursuing any and all defenses at the appropriate time.  The same is true with respect to the Court's entry of a preliminary injunction, as discussed below.

proceeds from the collateral being . . . diminished in value . . . during the pendency of this litigation." *See Am. Bank. & Trust*, 2006 WL 2385309, at \*9; *see also, e.g.*, *Netsphere*, 703 F.3d at 308 ("A receiver may be appointed for a secured creditor who has legitimate fears his security may be dissipated . . . .") (quoting *Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 497 (1923)).

Additionally, with certain exceptions that are inapplicable here, the loan, while secured by the property, is nonrecourse, (*see* Promissory Note, Art. 14, ECF No. 1-2), *i.e.*, the loan "allows the lender to attach *only* the collateral, not the borrower's personal assets, if the loan is not repaid." *See* Black's Law Dictionary (10th ed. 2014) (emphasis added). This factor, too, leads the Court to conclude that appointing a receiver is warranted to protect the property, as monetary damages may not suffice. Moreover, Defendant "ha[s] not suggested, nor can the Court conceive, of a less drastic equitable remedy that would afford the same protection" with respect to the property. *See LNV Corp. v. Harrison Family Bus., LLC*, 132 F. Supp. 3d 683, 695 (D. Md. 2015). Finally, the Court is also of the opinion that the appointment of a receiver will likely do more good than harm. As a result, the Court finds Plaintiff's request for appointment of a receiver pursuant to Rule 66 well-taken.

Plaintiff has requested that the Court appoint The Estes Group, Inc. The Court has reviewed the qualifications of The Estes Group – which Defendant does not contest – and is of the opinion that The Estes Group is qualified to serve as

6

receiver.  The Court has also reviewed the proposed order submitted by Plaintiff

with its Verified Complaint and will enter an Order substantially similar to the

same.

**Preliminary Injunction**

      Plaintiff contends that "its interest in the Rents is endangered and likely to

be lost or rendered inadequate without the entry of injunctive relief requiring

payment and escrow of the Rents to the Receiver."  (Pl. Br. 12, ECF No. 4).  As a

result, in conjunction with the appointment of a receiver, it seeks a preliminary

injunction from the Court

> requiring Defendant and its agents to:
>
> (a) Preserve intact all Rents currently in their possession or
> subsequently received from the Collateral pending the appointment of
> the Receiver; and
>
> (b) Immediately pay, upon appointment of a Receiver, all Rents
> (including security deposits) in their possession or subsequently
> received from the Collateral to the Receiver; and
>
> (c) Surrender possession of the Facility in order to allow the Receiver
> to operate and use the same; and
>
> (d) Turn over to the Receiver all books, records and accounts affecting
> the Facility.

(*Id.* at 13).

      "To be entitled to a preliminary injunction, a movant must establish (1) a

likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3)

that the threatened injury if the injunction is denied outweighs any harm that will

result if the injunction is granted; and (4) that the grant of an injunction will not

disserve the public interest." *Trottie v. Livingston*, 766 F.3d 450, 452 (5th Cir. 2014).  As with appointment of a receiver, "[t]he decision to grant or deny a preliminary injunction lies within the discretion of the" Court.  *See Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

For substantially the same reasons discussed above, the Court will enter the requested preliminary injunction.  Again, it is undisputed that Defendant has failed to make payments under the loan, but is continuing to collect the rents from the property.  There is a substantial threat of irreparable injury if Defendant is allowed to continue collecting the rents and utilizing the same, especially since Defendant has given no assurance of its current financial position and Plaintiff's likely only recourse going forward is to the property itself.[3]  *See, e.g.*, *Am. Bank. & Trust*, 2006 WL 2385309, at *9.  Furthermore, the Court is of the opinion that balancing the injuries and considering the public interest both favor granting the injunction.  *See, e.g.*, *Transcendent Ltd. P'ship v. Greenbelt Dev. Partners, Inc.*, No. 405cv231PB, 2005 3133040, at *1 (N.D. Miss. Nov. 22, 2005).  Indeed, the preliminary injunction simply assists the receiver in the duties given to it under federal law to conserve the property.  *See* 29 U.S.C. § 959(b).

However, "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs

---

[3] Defendant's Answer states that "at best Plaintiff obtained a security interest but not ownership of the subject Rents . . . ."  (Ans. 4 (¶22), ECF No. 29).  Even if this is true, there is still irreparable injury.

and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65. Accordingly, the Court will order the parties to confer in good faith to determine appropriate bond amounts to be posted by both the receiver and Plaintiff.

Finally, the Court notes that Plaintiff's Motion also refers to a permanent injunction and to an award of damages related to the rents. To the extent Plaintiff is requesting any permanent relief in the Motion, the Court defers making any such determination until after a trial on the merits. A case management conference has been set in this action for June 2016, at which time the parties can agree on a trial date.

CONCLUSION

The Court is of the opinion that under the circumstances of this action, it is appropriate to exercise its discretion to appoint a receiver and issue a corresponding preliminary injunction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [3] Motion for Appointment of Receiver and Injunctive Relief filed by Plaintiff is **GRANTED**, as discussed herein. As soon as is practicable, Plaintiff should submit a proposed order in Word or WordPerfect format to the Court's Chambers email, which the Court will revise as it deems appropriate and then enter. Before submitting the Order, the parties should confer in good faith and attempt to agree on an appropriate bond to be posted by The Estes Group as receiver, and by Plaintiff in conjunction with the issuance of the preliminary injunction. If the parties are unable to agree on an

amount, **within seven (7) days of this Order**, they should file a Joint Motion with the Court, setting forth each party's position, so that the Court may determine the appropriate bond requirements.

      **SO ORDERED AND ADJUDGED** this the 5th day of May, 2016.

_s/ Louis Guirola, Jr._
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

10