IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR BY MERGER TO
LASALLE BANK NATIONAL ASSOCIATION,
AS TRUSTEE, FOR THE REGISTERED HOLDERS
OF BEAR STEARNS COMMERCIAL MORTGAGE
SECURITIES INC., COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-PWR14,
ACTING BY AND THROUGH ITS SPECIAL SERVICER,
C-III ASSET MANAGEMENT, LLC                                                    PLAINTIFF

v.                                                              CAUSE NO. 1:15CV404-LG-RHW

LAKEVIEW RETAIL PROPERTY OWNER LLC                      DEFENDANT

**ORDER DENYING MOTION TO VACATE AND SETTING BONDS**

BEFORE THE COURT is the [37] Motion to Vacate filed by Defendant seeking vacation of the Court's [33] Order Granting Motion for Appointment of Receiver and Injunctive Relief.[1]  The Court has considered the parties' submissions, the record in this action, and the relevant law.  The Court also conducted a hearing on the Motion on June 24, 2016, where the parties were allowed to present evidence and argument.

The Court is of the opinion that the Motion should be denied and that a receiver should be appointed in accordance with the Court's [33] Order.  Further,

---

[1] The Court construes the Motion to Vacate as being made pursuant to Federal Rule of Civil Procedure 54(b).  That Rule provides that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

because the parties were unable to agree on the amounts for a receiver bond and injunction bond, the Court has determined that the receiver should post a bond in the amount of $50,000, and that Plaintiff should post a bond in the amount of $10,000.

## BACKGROUND

The Court incorporates by reference herein the facts as set forth in its [33] Order. After the June 24 hearing where the Court received additional argument and evidence with respect to receivership issues, it remains undisputed that Defendant is in default and has not been paying on the subject loan, but is continuing to receive the rents generated by the property at issue. Furthermore, it is undisputed that the rents that are available to Defendant are insufficient not only to cover the arrears of the default, but also to make the required monthly payments to Plaintiff.

Additionally, the Court received evidence with respect to the current property manager of the property at issue, Encore. The evidence showed that Encore has an ownership interest – albeit small – in Defendant. The evidence also showed that Encore receives its orders from the 90% majority owners of the Defendant, who are two New York residents. Moreover, it is common knowledge that Encore, through its corporate conglomerate parent companies, maintains an interest in numerous pieces of the Lakeview property surrounding the property at issue (which has been referred to in this litigation as Lakeview Phases 2 and 3). Finally, it is undisputed that foreclosure of the subject property is not only likely, but is in process.

## DISCUSSION

For the reasons discussed in detail below, the Court finds vacation or revision of its previous Order to be unwarranted. The Court also determines that a $50,000 receiver bond and $10,000 injunction bond is appropriate.

**Motion to Vacate**

Defendant's initial argument is that it did not submit any evidence or argument beyond what it had raised in its Motion to Dismiss regarding the appointment of a receiver in this action because it was under the impression that the parties were going to request a hearing from the Court. Defendant has now had the opportunity to submit evidence and argument in both its Motion to Vacate and at the hearing, and the Court remains of the opinion that appointment of a receiver is well within the Court's discretion in this action pursuant to Federal Rule of Civil Procedure 66. *See Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (district court's appointment of receiver under Rule 66 "is in the sound discretion of the court").

Defendant does not challenge Plaintiff's standing to seek appointment of a receiver under Rule 66. Instead, it argues that the proposed receivership is not proper under the non-exclusive factors set out by the Fifth Circuit for the Court's consideration in deciding this issue:

 (1) a valid claim by the party seeking the appointment;

 (2) the probability that fraudulent conduct has occurred or will occur to frustrate that claim;

> (3) imminent danger that property will be concealed, lost, or diminished in value;
>
> (4) inadequacy of legal remedies;
>
> (5) lack of a less drastic equitable remedy; and
>
> (6) likelihood that appointment of the receiver will do more good than harm.

*Id.* at 241-42.

Defendant cannot reasonably dispute – beyond arguments already decided by this Court – the validity of Plaintiff's claim. It argues that the second and third factors are not met because there is no evidence of fraud and "no danger that the property will be concealed." (Def. Mem. 4-5, ECF No. 38). Defendant's admission of non-payment is evidence enough for the Court to conclude that fraudulent conduct is likely to occur to frustrate Plaintiff's claim. There is also evidence that Defendant has been less than forthcoming in providing requested financial information to Plaintiff. Even so, evidence of fraud is not required for a receiver to be appointed, as no one factor is dispositive. *See, e.g., Jackson v. N'Genuity Enters. Co.*, No. 09-C-6010, 2011 WL 4628683, at *28 (N.D. Ill. Oct. 3, 2011).

With respect to the third factor, concealment is just one consideration, and the Court may also consider whether there is "imminent danger that property will be . . . diminished in value . . . ." *See Santibanez*, 105 F.3d at 241-42. The Court has already found that this factor merits appointment of a receiver, and the evidence presented at the hearing does not persuade the Court otherwise. Defendant admits that it cannot pay the monthly loan payment because that

payment exceeds the monthly rents coming in on the property. Once again, Defendant's "financial position gives no assurances that [it is] now able or might soon become able to fully repay the amounts owed[,] and there is imminent danger of the collateral or proceeds from the collateral being . . . diminished in value . . . during the pendency of this litigation." *See Am. Bank & Trust Co. v. Bond Int'l Ltd.*, No. 06-cv-0317-CVE-FMH, 2006 WL 2385309, at *9 (N.D. Okla. Aug. 17, 2006).

 Defendant also does not dispute that the loan is primarily non-recourse. Therefore, considering the fourth factor, monetary damages are likely not an option or will otherwise not suffice. *See Santibanez*, 105 F.3d at 241-42.

 Having thus determined that the first four factors weigh in favor of appointment a receiver, the Court turns to Defendant's main argument: that there is a less drastic remedy available and that appointment of a receiver will do more harm than good.

 Defendant contends that its current property manager, Encore, should remain and that, instead of a receiver, "the appointment of an auditor or financial monitor under the direction and control of the Court satisfies Plaintiff's stated concerns without disrupting operations of the property or causing any immediate adverse impact on its value." (Def. Reply 4, ECF No. 42). The Court is not persuaded for several reasons.

 Encore admittedly owns an interest in Defendant. This creates a conflict that could be to the detriment of Phases 2 and 3, especially where it is undisputed

5

that Encore also manages the surrounding properties. With a looming foreclosure, there is a very real possibility that Encore could begin to divert tenants elsewhere. Plaintiff's concern that Encore has, or may in the very near future have, an incentive to steer tenants away from Phases 2 and 3 is a legitimate one shared by the Court.

The Court also finds that the appointment of a disinterested receiver will do more good than harm. There is an advantage to appointing a neutral, third-party entity to oversee the property prior to foreclosure. Under these circumstances, unlike Encore, a neutral third-party does not have an ownership interest in the property and is in a better position to ensure a smooth transition and/or turnover at the time of foreclosure. Encore's ownership interest in the property could actually hinder transition post-foreclosure, making the transition difficult in several aspects, not only to the detriment of the property itself, but also possibly to tenants.

In short, the Court finds that the transparency that comes with appointing a receiver is necessary in this action. It is the opinion of the Court that appointment of a receiver is the most advantageous option to all parties, to the property, and to the tenants.

Finally, Defendant represents that "[w]ith the exception of turning over operational control of the property," it has no opposition to the injunctive relief already granted by the Court. Nonetheless, the Court finds that turning over operational control of the property is an essential corollary to appointment of a disinterested receiver.

**Bond Amounts**

Based on representations to the Court, it appears that Defendant is receiving approximately $70,000 in rents per month, which is less than the amount due on the loan every month. The Court is of the opinion that Plaintiff, not Defendant, bears the brunt of risk in this action, as it has not been receiving its payments for several months now.

As a result, the Court finds that any receiver bond and injunction bond should be a low amount. The Court therefore agrees with Plaintiff that a receiver bond in the amount of $50,000 and an injunction bond in the amount of $10,000 is appropriate.[2] *See* Fed. R. Civ. P. 65(c); *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("the amount of security required pursuant to Rule 65(c) 'is a matter of discretion of the trial court'") (citation omitted); *Wright v. Fid. & Deposit Co. of Md.*, 29 F.2d 641, 642 (5th Cir. 1928) (court has right to regulate amount of receiver's bond); 65 Am. Jur. 2d *Receivers* § 62. The Court also finds that the amount of the receiver bond is sufficient to protect Defendant in the event that the receiver does not fulfill its duties under 28 U.S.C. § 959(b).

## CONCLUSION

The Court is of the opinion that its [33] Order Granting Motion for Appointment of Receiver and Injunctive Relief was properly entered and should not

---

[2] Defendant requested the approximate amount of its monthly rents for a period of 24 months. However, under the terms agreed to by the parties, this action will go to trial in January 2017, less than six months from now.

be vacated.  The Court is further of the opinion that the receiver should be required to post a receiver's bond in the amount of $50,000, and that Plaintiff should be required post an injunction bond in the amount of $10,000.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [37] Motion to Vacate filed by Defendant is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the receiver bond is set at $50,000, and the injunction bond is set at $10,000.  These amounts will be reflected in a separate order to be entered by the Court.

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE