IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR BY MERGER TO
LASALLE BANK NATIONAL ASSOCIATION,
AS TRUSTEE, FOR THE REGISTERED HOLDERS
OF BEAR STEARNS COMMERCIAL MORTGAGE
SECURITIES INC., COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-PWR14,
ACTING BY AND THROUGH ITS SPECIAL SERVICER,
C-III ASSET MANAGEMENT, LLC                                            PLAINTIFF

v.                                                          CAUSE NO. 1:15CV404-LG-RHW

LAKEVIEW RETAIL PROPERTY OWNER LLC                          DEFENDANT

ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

BEFORE THE COURT is the [72] Motion for Sanctions filed by Defendant pursuant to Federal Rule of Civil Procedure 11. Plaintiff voluntarily dismissed this action on October 3, 2016. Defendant now requests sanctions against Plaintiff, including attorney's fees and costs, "in an amount to be determined by this Court after briefing and oral argument . . . ." (Mot. 1, ECF No. 72). Specifically, Defendant claims "that neither the Plaintiff, nor its counsel, conducted a reasonable investigation into the citizenship of the members of the Defendant limited liability company" prior to filing suit on diversity grounds in this Court. (*See id.* at 1-2). The Court is of the opinion that briefing and oral argument are not necessary, because the "safe harbor" provision of Rule 11 precludes sanctions. In the alternative, sanctions are not warranted.

Rule 11(c)(2) states that a motion made pursuant to Rule 11 "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." There is no indication that Plaintiff served its Motion on Defendant and its counsel prior to filing. The Fifth Circuit has held that Rule 11(c)(2)'s "'safe harbor' provision . . . contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory." *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). Since Plaintiff "did not comply with this procedural prerequisite[,]" its Motion will be denied. *See id.*; *see also Robinson v. Home Depot USA Inc.*, 478 F. App'x 820, 825 (5th Cir. 2012); *Clark v. Epco, Inc.*, No. 2:08cv103KSMT, 2009 WL 2899912, at *2 (S.D. Miss. Sept. 2, 2009) ("This court has previously held that a Rule 11 motion filed after dismissal without proper notice is improper.").

Even so, the Court would deny Rule 11 sanctions. *See, e.g.*, *Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 577-78 (5th Cir. 2002) ("[A] district court's denial of Rule 11 sanctions [is reviewed] for abuse of discretion. Generally, an abuse of discretion occurs only where no reasonable person could take the view adopted by the trial court.") (citations and quotation marks omitted). Throughout this litigation, defense counsel acknowledged that it was difficult to determine the members of the Defendant LLC, and even represented to this Court

at a hearing that he believed that the members were all New York citizens.[1]  It was only on the prompting of this Court that Defendant apparently discovered that one of its members was an Ohio citizen.  Indeed, if this litigation was needlessly prolonged, it was because Defendant – who was in the best position to know the citizenship of its own members – did not raise this matter via a Motion to Dismiss for lack of diversity jurisdiction at an earlier stage.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [72] Motion for Sanctions filed by Defendant is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] There was never a dispute that Plaintiff was considered a citizen of Ohio for diversity purposes.